**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:19-CR-57 (WLS-TQL-7) |
| | : | |
| JERRY LYNN KING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

On December 4, 2024, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 333) to revoke Defendant Jerry Lee King's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Conspiracy to Commit Bank Fraud. Defendant was sentenced on January 28, 2021, to a period of twenty-one months' imprisonment and three years supervised release. Defendant's supervision began on November 3, 2022. The Petition alleged that Defendant violated the conditions of his supervised release on three (3) occasions.

At the revocation hearing held on December 4, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 333) and Revocation Report (Doc. 386) and reviewed them. Defendant stated that he had spoken to Counsel and wished to stipulate to the alleged violations. The Court found that Defendant freely, knowingly and voluntarily decided to admit to the allegations in the Petition.

Because Defendant stipulated to all alleged violations in the Petition, the Court found that the violation in the Petition had been established by a preponderance of the evidence. The

Court then declared Defendant's supervised release revoked.[1] Once the violations had been established, the Court heard from the Government and Defense counsel. Neither Party objected to the Revocation Report.

The Court determined Defendant's U.S. Sentencing Guidelines range to be 8–14 months based on Defendant's Grade C violations and a criminal history category of VI. The Court found the Guidelines range to be inadequate and determined that an upward variance was warranted. The Court found an upward variance appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide just punishment for the offenses, provide adequate deterrence of criminal conduct, and to protect the public. Thus, based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to eighteen (18) months in the custody of the Bureau of Prisons to be served consecutively to the revocation sentence imposed on October 17, 2024, in the Superior Court of Colquitt County, Georgia, No. 20CR0327. No term of supervised release is to follow.

For the aforementioned reasons, the Petition (Doc. 333) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to eighteen months imprisonment, in the custody of the Bureau of Prisons. No period of supervised release is to follow.

**SO ORDERED**, this 11th day of December 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

2